JONES v. LEVY.

(Supreme Court, Appellate Term. March 26, 1906.)

NEGLIGENCE—ACTS CONSTITUTING—EVIDENCE.

Where it was customary to serve drinks in a room where there was a swimming pool, and for the waiters to collect the glasses from time to time, evidence of injury to plaintiff by a sliver of glass did not show negligence of the proprietor, in the absence of a showing who left the glass there, or how long it had been there.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 271.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District. Action by Martin P. Jones against Charles S. Levy. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Weschler & Myers, for appellant.
George E. Fleming, for respondent.

SCOTT, P. J. The defendant is the proprietor of a bath, having hot rooms, massage rooms, and a swimming pool. It appears to be customary to serve drinks in all parts of the bath, including the room in which the plunge is, and the waiters from time to time collect the empty glasses. There are steps leading into the pool at either end, and along the sides are marble slabs or shelves, under which are brass hand rails. The plaintiff and some friends went to the bath rather late at night. Plaintiff was sitting on the marble slab, and, wishing to turn around in order to slide into the water backwards, so that he might not hit the brass rail, put his hand on a bar glass that had been left on the marble slab, with the result that a sliver of glass ran into his thumb.

I do not think that the facts showed any negligence on the part of defendant or his employés. There is nothing to show who placed the glass where it was, or how long it had been there. The place was

brilliantly lighted, and the glass should have been at least as clearly visible to the plaintiff as to defendant's waiters.  If it had been shown that the glass had been allowed to remain where it was for any considerable time, it might be said that the servants were negligent; but there is no such evidence in the case.  Plaintiff's injuries were trifling, and the damages given were at least ample.  On the whole, we think that the judgment should be reversed.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.  All concur.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

